UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

DONALD SINEX, )
    Plaintiff, )
)
v. ) Civil Action No. 5:22-cv-4
)
JEANNE M. QUAGLIANO and )
STEVEN D. QUAGLIANO, )
    Defendants. )

## COMPLAINT

**NOW COMES** the Plaintiff, Donald Sinex, by and through his attorneys, Pratt Vreeland Kennelly Martin & White, Ltd., and hereby complains against the Defendants as follows:

### PARTIES

1. Plaintiff Donald Sinex is a resident of Florida.

2. Defendants Jeanne M. Quagliano and Steven D. Quagliano, wife and husband, respectively, are residents of New York.

### SUBJECT-MATTER JURISDICTION

3. Diversity jurisdiction is proper pursuant to 28 USC § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are residents of different states as of the date of the filing of this Compliant.

### VENUE

4. Venue is proper in the District of Vermont because the subject of the parties' contract at the root of this case is real property located within Vermont and the events and omissions giving rise to the claim occurred in Vermont. See, 28 USCA § 1391(b)(2).

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

## FACTUAL ALLEGATIONS

5. The Defendants entered into a contract to buy Plaintiff's Vermont house on or around June 7, 2021 for $1,300,000.00 ("the contract"). See, Contract, attached as Exhibit 1.

6. The Defendants placed a $100,000.00 deposit with their lawyer, Gary R. Kupferer, Esq., acting as an escrow agent. See, id, ¶ 3.

7. The contract originally called for a closing "on or before July 31, 2021". See, id, ¶ 5.

8. The contract indicated in bold that "[n]either party shall be obligated to extend the date set for Closing". See, id.

9. Paragraph 20 of the contract concerns default. See, id, ¶ 20.

10. Paragraph 20 says, in part: "If Purchaser fails to close as provided herein, or is otherwise in default, Seller may terminate this Contract by written notice as provided in Section 29 and claim all Contract Deposit(s) as liquidated damages, or may elect to pursue all legal and equitable remedies provided by law. ". See, id.

11. Paragraph 20 also provides that the substantially prevailing party shall be entitled to recover reasonable attorney's fees and court costs. See, id.

12. Paragraph 33 says: "**Time is of the Essence**: Time is of the essence with respect to all obligations and undertakings of Seller and Purchaser under this Contract **including the times for providing all notices required to be given**. Failure to act within the time period required shall constitute a breach of this Contract or waiver of the contingency or condition sought to be exercised." See, id, ¶ 33.

13. Paragraph 28 says that changes to terms of the contract must be in writing signed by both parties. See, id, ¶ 28.

2

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

14. The contract contained a Personal Property Addendum ("the addendum"). See, id.

15. The addendum indicated that the personal property being included in the deal was "for the convenience of the transaction" and was of "no monetary value". See, id.

16. The addendum also indicated that the personal property was being included "…for the additional price of $100,000." See, id.

17. Under the addendum Plaintiff was obligated to convey ownership of the specifically included personal property at the closing. See, id.

18. The closing date was pushed back by the written agreement of the parties to "no later than August 12, 2021".

19. On or around August 7, 2021, the Buyers, through their lawyer, made complaints that they feared that items of personal property included in the sale had been removed from the property, perhaps by the caretakers.

20. Plaintiff provided assurances, but Defendants nevertheless sought an extension of time "to sort this out".

21. Plaintiff declined to postpone the closing further.

22. On August 12, 2021 Defendants' lawyer wrote that he believed included items of personal property would not be conveyed at the closing, which he believed would then triggering a default. See, August 12, 2021 Anticipatory Repudiation Letter, attached as Exhibit 2.

23. Defendants' lawyer's August 12, 2021 letter concluded by indicating that if Plaintiff did not postpone the closing the Defendants were terminating the contract and demanding return of their deposit. See, id.

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

24. Plaintiff's lawyer objected by letter transmitted by email at 1:27 PM that same day. The default letter reiterated that Plaintiff was "ready, willing and able" to close that day, providing all personal property agreed upon, and notified Defendants' lawyer that if they did not close, they would be in default. See, Default Letter of 08/12/21, attached as Exhibit 3.

## COUNT ONE – BREACH OF CONTRACT

25. Defendants anticipatorily repudiated the contract they had made with Plaintiff by refusing to close based on their suspicion that Plaintiff would not perform in all respects, namely, by not conveying items of personal property included in the transaction. See, Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002) ("Anticipatory repudiation occurs when, before the time for performance has arisen, a party to a contract declares his intention not to fulfill a contractual duty"); see, also, SPI Commc'ns, Inc. v. WTZA-TV Assocs. Ltd. P'ship, 644 N.Y.S.2d 788, 791 (3rd Dep't 1996) (an anticipatory repudiation can also be found where a party "has attempted to avoid its obligations by advancing an 'untenable' interpretation of the contract, or has communicated its intent to perform only upon the satisfaction of extracontractual conditions").

26. Defendants' anticipatory repudiation worked a default under paragraph 20 of the contract and thus a total breach entitling Plaintiff an election of remedies.

27. Defendants' anticipatory breach was legally unjustified because the time for Plaintiff's performance had not yet arrived.

28. Had Defendants provided a list of items that they suspected were missing the parties could have addressed each one to see if it 1) was indeed included; 2) was indeed missing; 3) whether it could be recovered by the end of the day; and 4) if it could not be recovered a reasonable set-off for each such unrecoverable included item's value.

4

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

29. Another reason why the Defendants' anticipatory breach was legally unjustified is that the items that were suspected of being missing were insufficiently material relative to the contract as a whole as to justify anticipatory rescission of the entire contract. See, Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 143 (2d Cir. 2000) ("Under New York law, rescission is an extraordinary remedy, appropriate only where the breach is found to be material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract"); see, also, Frank Felix Assocs., Ltd. v. Austin Drugs, Inc., 111 F.3d 284, 289 (2d Cir. 1997) ("A party's obligation to perform under a contract is only excused where the other party's breach of the contract is so substantial that it defeats the object of the parties in making the contract").

30. Defendants have breached the contract and that breach entitles Plaintiff to have the Down Payment paid over to him as agreed-upon liquidated damages.

## PRAYER FOR RELIEF

Plaintiff hereby prays for the following relief:

1. An Order directed at the escrow agent directing him to release the $100,000 held in deposit to Plaintiff as liquidated damages pursuant to paragraph 20 of the contract; and,

2. Reasonable attorney's fees and costs, including mediator fees, as the substantially prevailing party under paragraph 20 of the contract; and,

3. Interest on the foregoing sums at the Vermont statutory rate of 1% per month, simple interest, non-compounding, from the date of breach on August 12, 2021 to the date of satisfaction; and,

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

4. Such other relief as is lawful, reasonable and proper under the law and the facts of the case.

**DATED** at Rutland, Vermont this 3rd day of January, 2022.

*Pratt Vreeland Kennelly Martin & White, Ltd.,*

Counsel for Plaintiff,

Donald Sinex.

by: /s/ *John J. Kennelly*
John J. Kennelly, Esq.
Matthew D. Anderson, Esq.
64 North Main Street
Rutland, VT 05702-0890
(802) 775-7141
kennelly@vermontcounsel.com
mda@vermontcounsel.com

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280